[Wetherill v. Seitzinger.]

of this Commonwealth in that behalf provided, the court is possessed of jurisdiction of the contract in the petition mentioned, upon the proofs therein mentioned heretofore certified for record in the county of Schuylkill. Whereupon it is ordered, decreed and considered, that the demurrer of Jacob W. Seitzinger be overruled, and that the petitioner, Charlotte W. Wetherill, have leave to execute a conveyance to the said Jacob W. Seitzinger and his heirs, of the lands, tenements and hereditaments in the petition mentioned, according to the prayer therein contained.

Demurrer overruled.


# Pattison *against* M'Gregor.*

Under the Act of 1772, a ground-rent landlord is not entitled to be paid his ground-rent out of goods on the premises sold by the sheriff on execution against the owner of the ground in possession.

PATTISON and others against Macgregor. This was a rule to show cause why the plaintiffs, seven in number, should not take out of this court the sum of $222, balance of proceeds of a sale of the defendant's goods under their writs.

On the 20th December 1844, seven writs of *fieri facias* were delivered by the plaintiffs to the sheriff, who levied on the defendant's goods and chattels. On the 16th January 1845, the sheriff sold the goods for between 2000 and $3000. At the time of the levies, the goods and chattels were in and upon certain houses and lands, owned in fee simple by the defendant, under and subject to two ground-rents, one of $185 per annum, payable to Joseph Johnson and his heirs, and the other of $259 a year, payable to David S. Brown and heirs. Both the deeds were in the ordinary form of ground-rent deeds, and the rents were payable half-yearly on the 1st days of July and January, with the usual clauses of distress and re-entry.

The ground landlords claimed the sum in controversy, $222, for the half-year's rents falling due on the 1st January 1845. The plaintiffs denied their claim for arrears of ground-rent, and took the above rule.

*J. A. Phillips*, for the execution creditors, referring to the 83d section of the revised law of 1836 relating to executions, the Act

---

* We are indebted to J. A. Phillips, Esq., for the report of this case, which was argued at March Term 1845.

[Pattison v. M'Gregor.]

of 21st March 1772, and the Statute of 8 *Anne, ch.* 14, contended that the " landlord" referred to in these laws meant the ordinary landlord who owned the fee simple, and did not include the ground landlord; that at common law on a judicial sale the landlord lost his rent, and that it required these statutes to save his right, and they were expressly and in terms confined to leases or demises, and excluded grants in fee with reservation of ground-rent.

*G. M. Wharton* and *Randall*, for the ground landlords, admitted that the point now in issue had never been decided, but referred to the case of *Franciscus* v. *Reigart*, (4 *Watts* 98), to show that this court had decided that the Act of 1772 did apply to ground-rents and ground-rent landlords. Reference was also made to a number of other cases, American and English, to show that no distinction had been made between the ground-rent landlord and the ordinary landlord, as to their remedies for the recovery of arrears of rent.

PER CURIAM.

Rule absolute and fund awarded to plaintiffs.

IX. — Q